# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| P.V.J., <br>     Plaintiff, <br>     v. <br> LAURA B. ZUCHOWSKI, et al., <br>     Defendants. | Case No. 5:24-cv-00157-EJD <br><br> **ORDER DISMISSING CASE FOR LACK OF JURISDICTION** <br><br> Re: ECF No. 17 |

Plaintiff P.V.J., a Mexican citizen, seeks judicial review of the U.S. Citizenship and Immigration Services' (USCIS) denial of his application for a waiver of inadmissibility in conjunction with its denial of his petition for U nonimmigrant status. Defendants move to dismiss for lack of jurisdiction and failure to state a claim. Because the Court lacks jurisdiction under § 1252(a)(2)(B)(ii),[1] the Court **GRANTS** the motion to dismiss.

## I. BACKGROUND

Congress created U nonimmigrant status, commonly known as the U visa, to "facilitate the reporting of crimes to law enforcement officials by trafficked, exploited, victimized, and abused aliens who are not in lawful immigration status." *Perez Perez v. Wolf*, 943 F.3d 853, 857 (9th Cir. 2019) (quoting Pub. L. No. 106-386, § 1513(a)). To be eligible for a U visa, a noncitizen must meet several criteria. She must have suffered substantial abuse as the victim of certain types of crimes. § 1101(a)(15)(U). She must possess information about those crimes. *Id.* And she must assist state or federal officials with investigating or prosecuting those crimes. *Id.* The noncitizen must also be admissible or receive a waiver of inadmissibility. § 1182(a); 8 C.F.R. § 214.1(a)(3)(i).

---

[1] All statutory citations in this Order are to Title 8 of the United States Code unless otherwise indicated.

Case No.: 5:24-cv-00157-EJD
ORDER DISMISSING FOR LACK OF JDX    1

In this case, Plaintiff petitioned for a U visa after being attacked in California, during which someone robbed him, stole his car, and shot him thirteen times. Plaintiff survived and proceeded to share information about the perpetrator with officers investigating the crime. Compl. ¶¶ 39–40, ECF No. 1. But due to prior convictions and immigration violations, Plaintiff was not eligible for a U visa unless he received a waiver of inadmissibility. *Id.* ¶ 13. Accordingly, when Plaintiff filed his U visa petition, he also filed an accompanying application for a waiver of inadmissibility. *Id.* The USCIS denied Plaintiff's waiver application and then denied his petition as a result. *Id.* ¶ 14.

Plaintiff now challenges the USCIS's denial of his waiver application under the Administrative Procedure Act (APA).[2]

## II. LEGAL STANDARD

Parties may challenge a court's subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). When parties make a facial challenge to jurisdiction, as Defendants do here, courts decide whether jurisdiction exists on the face of the complaint. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "[D]rawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.*

## III. DISCUSSION

The jurisdictional question presented is a purely legal one—Does statute permit the Court to exercise jurisdiction? Normally, courts have jurisdiction to review agency actions because "[t]he APA establishes a basic presumption of judicial review." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 16 (2020) (internal quotations and citation omitted). There are two exceptions to that presumption. The first occurs when a specific statute "preclude[s] judicial review." 5 U.S.C. § 701(a)(1). The second occurs when "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

---

[2] Plaintiff also asks the Court to vacate the USCIS's denial of his U visa petition, but that request depends on the Court finding that denial of his waiver application was improper. As such, Plaintiff effectively seeks only review of the waiver denial.

Case No.: 5:24-cv-00157-EJD
ORDER DISMISSING FOR LACK OF JDX    2

Here, there is a specific statute, § 1252, that precludes judicial review. Section 1252 contains several provisions that strip courts of jurisdiction to review immigration decisions. Relevant to Plaintiff's claim is § 1252(a)(2)(B), which bars judicial review of discretionary immigration decisions.[3] This provision contains two clauses. The first identifies particular statutory provisions that provide the types of discretionary relief insulated from review. § 1252(a)(2)(B)(i). The second is a catchall that prohibits review of "any other decision . . . the authority for which is specified under this subchapter to be in the discretion of the [deciding agency]." § 1252(a)(2)(B)(ii). While § 1252 also contains a jurisdiction-restoring provision, that provision applies only to "a petition for review filed with an appropriate court of appeals." § 1252(a)(2)(D). On its face, that provision does not apply in district court. *Gutierrez v. United States*, 857 F. App'x 944, 945 (9th Cir. 2021); *Ojeda v. U.S. Dep't of Homeland Sec.*, 413 F. App'x 986, 986 (9th Cir. 2011); *Vera Chairez v. Mayorkas*, 734 F. Supp. 3d 1093, 1099 (D. Idaho 2024). Consequently, jurisdiction in this case turns solely on whether denying a waiver of inadmissibility falls within the scope of § 1252(a)(2)(B).

Plaintiff applied for a waiver of inadmissibility under §§ 1182(d)(3)(A)(ii) and 1182(d)(14). The former permits otherwise inadmissible noncitizens to "be admitted into the United States temporarily as a nonimmigrant in the discretion of the [agency]." § 1182(d)(3)(A)(ii). The latter permits waivers of inadmissibility "in the [agency]'s discretion . . . if the [agency] considers it to be in the public or national interest to do so." § 1182(d)(14). Neither of those provisions is enumerated in § 1252(a)(2)(B)'s first clause, so the catchall provision of the second clause, § 1252(a)(2)(B)(ii), controls jurisdiction in this case.

The Ninth Circuit has already addressed the reviewability of waiver decisions under § 1182(d)(3)(A)(ii), concluding that § 1252(a)(2)(B)(ii) bars judicial review. *Vega v. USCIS*, 65 F.4th 469, 471–72 (9th Cir. 2023). That holding controls.

---

[3] The Court observes that § 1252(a)(2)(B) bears similarities to 5 U.S.C. § 701(a)(2). But "it is familiar law that a specific statute controls over a general one." *Bulova Watch Co. v. United States*, 365 U.S. 753, 758 (1961); *see also RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012). Since § 1252 is specific to the immigration issues in this case, the Court follows the case law on § 1252 over any conflicting case law applying 5 U.S.C. § 701(a)(2).

Case No.: 5:24-cv-00157-EJD
ORDER DISMISSING FOR LACK OF JDX     3

1    Plaintiff attempts to work around this binding precedent by arguing that the Supreme
2    Court's subsequent decision in *Wilkinson v. Garland*, 601 U.S. 209 (2024), substantially
3    undermined *Vega*'s logic.  However, *Wilkinson* did not address § 1252's jurisdiction-*stripping*
4    provisions like *Vega* did.  Instead, *Wilkinson* explored § 1252's jurisdiction-*restoring* provision.
5    601 U.S. at 221.  Since that jurisdiction-restoring provision does not apply to litigation in district
6    court, *Wilkinson* is inapposite.  The Court lacks jurisdiction to review the denial of a waiver of
7    inadmissibility under § 1182(d)(3)(A)(ii).

8    There is no comparable precedent on the reviewability of waiver decisions under
9    § 1182(d)(14), but the result is the same.  Section 1252(a)(2)(B)(ii) prevents courts from
10   reviewing immigration decisions that are made discretionary by statute.  *Kucana v. Holder*, 558
11   U.S. 233, 247 (2010).  To determine whether a statute grants discretion, courts start with the text.
12   *See Bouarfa v. Mayorkas*, 604 U.S. 6, 13–14 (2024).  And the text of § 1182(d)(14) is clear.  It
13   expressly places waiver decisions "in the [agency]'s discretion."  § 1182(d)(14).  Moreover, it
14   provides that the agency "*may* waive" inadmissibility, not the that the agency *must* do so.  *Id.*
15   (emphasis added).  That choice of words "*clearly* connotes discretion" by signaling that waivers
16   under § 1182(d)(14) are optional rather than mandatory.  *Bouarfa*, 604 U.S. at 13 (quoting *Biden
17   v. Texas*, 597 U.S. 785, 802 (2022)); *see also Poursina v. USCIS*, 936 F.3d 868, 871 (9th Cir.
18   2019) ("Congress's use of 'may'—rather than 'must' or 'shall'—brings along the usual
19   presumption of discretion.").  These textual clues strongly suggest § 1182(d)(14) is discretionary.

20   Relying on *ANA International, Inc. v. Way*, 393 F.3d 886 (9th Cir. 2004), Plaintiff counters
21   that § 1182(d)(14) contains a judicially administrable standard that constrains agency discretion
22   and therefore unlocks judicial review.  Section 1182(d)(14) limits waivers to situations where "the
23   [agency] considers it to be in the public or national interest" to excuse inadmissibility.
24   § 1182(d)(14). In Plaintiff's view, this "public or national interest" restriction is analogous to the
25   "deems to be good and sufficient cause" restriction that the Ninth Circuit held to permit review of
26   immigration decisions in *ANA International*.  393 F.3d at 893.  The problem with this argument is
27   that, while Defendants' motion to dismiss was pending, the Supreme Court decided *Bouarfa v.*
28   *Mayorkas*, 604 U.S. at 19, thus abrogating that part of *ANA International*.

United States District Court
Northern District of California

1     In *Bouarfa*, the Supreme Court construed the same "deems to be good and sufficient
2   cause" language that the *ANA International* court did. Unlike the Ninth Circuit, though, the
3   Supreme Court concluded that § 1252(a)(2)(B)(ii) barred review. *Id.* at 19. It explained that
4   "deems to be good and sufficient cause" is discretionary because the word "deems" qualifies the
5   phrase "good and sufficient cause." *Id.* at 14. The use of "deems" refers to the agency's judgment
6   as the source of meaning for "good and sufficient cause." This does not constrain agency
7   discretion. Only if the statute had said that relief is available when there *is* good and sufficient
8   cause would the statute have supplied the discretion-constraining meaning necessary for judicial
9   review. *See Webster v. Doe*, 486 U.S. 592, 600 (1988) (distinguishing between use of "deem" and
10  "is" in statutory language). Put differently, a statute that allows an agency to take action when that
11  agency "deems" certain criteria are met does not restrict agency discretion since it leaves those
12  criteria up to the agency's judgment. *Poursina*, 936 F.3d at 871; *see also Spencer Enters., Inc. v.
13  United States*, 345 F.3d 683, 690 (9th Cir. 2003) (when the right to act is in an agency's
14  "judgment or conscience," those "acts are matters of pure discretion").

15     Although *Bouarfa* did not analyze § 1182(d)(14), its logic applies with equal force to that
16  section. Under § 1182(d)(14), an agency may grant waivers of inadmissibility when "the [agency]
17  *considers* it to be in the public or national interest to do so." § 1182(d)(14) (emphasis added).
18  The provision does not direct the agency to issue a waiver whenever it *is* in the public or national
19  interest. And the word "considers" is just as deferential to agency judgment as the word "deems,"
20  if not more so. It gives agencies a "broad grant of authority [that] 'fairly exudes deference.'"
21  *Bouarfa*, 604 U.S. at 14 (quoting *Webster*, 486 U.S. at 600).   For that reason, § 1182(d)(14)
22  decisions are discretionary and unreviewable. *See Vera Chairez*, 734 F. Supp. 3d at 1102
23  (reaching the same conclusion).

24     Context confirms this conclusion. *Bouarfa* directs courts to consider the specific
25  provisions barred from review as discretionary by § 1252(a)(2)(B)(i) as guideposts on the level of
26  discretion necessary to trigger § 1252(a)(2)(B)(ii). 604 U.S. at 14–15. Several of those specific
27  provisions confer the same or even less discretion than § 1182(d)(14) does. For example, one
28  provision permits relief only if a noncitizen first meets certain nondiscriminatory criteria, such as

United States District Court
Northern District of California

not having been convicted of any aggravated felony. § 1229b(a). Another limits relief to cases of "extreme hardship." § 1182(i)(1). A third imposes a litany of threshold conditions that must be satisfied before relief becomes available. § 1255(a). Each of these three provisions imposes preconditions on relief, and all those preconditions are at least as discretion-constraining as the "public or national interest" restriction in § 1182(d)(14). If § 1252(a)(2)(B)(i) expressly bars review of the provisions above, it follows that § 1252(a)(2)(B)(ii) bars review of § 1182(d)(14).

## IV.  CONCLUSION

The Court **GRANTS** the motion to dismiss for lack of jurisdiction under § 1252(a)(2)(B)(ii). The Court does not reach any of Defendants' other arguments.

**IT IS SO ORDERED.**

Dated: March 26, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:24-cv-00157-EJD
ORDER DISMISSING FOR LACK OF JDX   6